UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| BENNIE SAYEE KOFFA, | CASE NO. C17-1745JLR |
|---|---|
| Plaintiff, | ORDER DISMISSING ACTION AND DENYING MOTION TO APPOINT COUNSEL |
| v. | |
| LIHI, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court are *pro se* Plaintiff Bennie Sayee Koffa's complaint against various defendants (Compl. (Dkt. # 5)); Magistrate Judge Brian A. Tsuchida's order granting Mr. Koffa *in forma pauperis* ("IFP") status and recommending that the court review Mr. Koffa's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 4) at 1); and Mr. Koffa's motion to appoint counsel (MTA (Dkt. # 2)). Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is frivolous, malicious, fails to state a

claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). As discussed below, Mr. Koffa's complaint falls within the category of pleadings that the court must dismiss. Additionally, the court concludes that Mr. Koffa has not met his burden of establishing exceptional circumstances that warrant the appointment of counsel. Thus, the court denies his motion to appoint counsel.

## II. BACKGROUND

Mr. Koffa brings suit against the Low Income Housing Institute ("LIHI"); Eric Patton,[1] an organizer at Camp Second Chance ("the Camp");[2] former Mayor Tim Burgess; and Governor Jay Inslee (collectively, "Defendants"). (Compl. at 2-3.) Mr. Koffa's claims arise from two incidents that occurred at the Camp, a homeless encampment in Seattle. (*See id.* at 6-7.)

On September 1, 2017, Mr. Koffa alleges that he reported for security duty at the Camp "later than 12:00 noon per schedule." (*Id.* at 6.) Subsequently, and allegedly without investigation, Mr. Koffa claims that he was "barred from camp for 24 hours effective the next day." (*Id.*) This prohibition caused him to miss his subsequent security

---

[1] Mr. Koffa utilizes both "Patton" and "Pattin" in the complaint. (*See generally* Compl.) The court refers to this individual as Mr. Patton.

[2] It is unclear whether Mr. Koffa also brings suit against Camp Second Chance, as he lists both the organization and Mr. Patton as one defendant. (*See* Compl. at 2.) However, the addition of the Camp as a defendant would not change the court's analysis.

shift, which was scheduled for that next day. (*Id.*) When Mr. Koffa returned to the Camp, "another order(s) for [his] eviction were issued." (*Id.* (first alteration in original).)

Additionally, Mr. Koffa complains of events that occurred during a Camp meeting. (*Id.* at 3.) Mr. Koffa alleges that he brought a motion to "vote out" Mr. Patton during a Camp meeting. (*Id.*) Because of this motion, Mr. Koffa was allegedly "thrown of [sic] of [the] meeting"; "violently assaulted" by a friend of Mr. Patton's[3]; and assaulted by Mr. Patton. (*Id.*) The Camp also allegedly damaged Mr. Koffa's personal property, including his bed, cell phone, clothing, and various personal items. (*Id.*; *see also* Compl., Ex. 1 at 1.)

Based on these two incidents, Mr. Koffa brings a 42 U.S.C. § 1983 suit against Defendants, claiming that he was punished "with racial discriminating intentions." (*See* Compl. at 5-6.) Mr. Koffa alleges that these two incidents "traumatized" him and "inflamed" his pre-existing Posttraumatic Stress Disorder and anxiety. (Compl. at 3.) Mr. Koffa seeks to evict "LIHI, Eric [Patton], et al[.]" from the Camp for violations of his rights. (*Id.* at 7.) He also seeks restoration of his damaged property, $500,000 in damages for the alleged civil rights violations, and $700,000 in punitive damages. (*Id.*) Mr. Koffa additionally filed a motion to appoint counsel. (*See generally* MTA.) The court now reviews Mr. Koffa's complaint under 28 U.S.C. § 1915(e)(2)(B) and addresses Mr. Koffa's motion to appoint counsel.

//

---

[3] Mr. Koffa does not bring suit against this individual and only refers to him or her as "Shaw." (Compl. at 7.)

## III. ANALYSIS

**A. Section 1915 Review**

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). An IFP complaint must contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a). The court concludes that Mr. Koffa fails to state a claim against any of the Defendants.

First, Mr. Koffa fails to establish that either LIFI or Mr. Patton engaged in state action. Section 1983 of Title 42 prohibits interference with federal rights under color of state law. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); 42 U.S.C. § 1983. Thus, "[t]he ultimate issue in determining whether a person is subject to suit under § 1983 . . . is [whether] the alleged infringement of federal rights [is] 'fairly attributable to the State[.]'" *Id.* (quoting There are some exceptions in which the actions of private actors may nonetheless qualify as state action, such as when private actors are willful participants in a joint action with the government; when the government has so far

insinuated itself into a position of interdependence with a private actor that the private actor must be recognized as a joint participant; or when the private actor performs functions traditionally and exclusively reserved to the government. *See Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1210 (9th Cir. 2002). Here, however, Mr. Koffa provides no facts pertaining to how the actions of LIFI or Mr. Patton—both private actors—are fairly attributable to the state, or how LIFI or Mr. Patton would fall within any of the above exceptions. (*See generally* Compl.) Thus, the court dismisses the § 1983 claims against LIFI and Mr. Patton.

Second, Mr. Koffa fails to state a claim against Mayor Burgess and Governor Inslee. A supervisory official is liable only if he or she was personally involved in the constitutional deprivation, or if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001); *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991). Mr. Koffa does not allege that either defendant was personally involved in the incidents at the Camp; nor does he claim that there is any casual connection between their wrongful conduct and the alleged violation. (*See generally* Compl.) Indeed, the complaint is devoid of any allegations of wrongful conduct by Mayor Burgess or Governor Inslee: aside from listing them as defendants (*see* Compl. at 2-3), the complaint does not mention either individual again (*see generally id.*). Thus, Mr. Koffa's claims against Mayor Burgess and Governor Inslee are exactly the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that the court must reject. *See Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Thus, the court grants Mr. Koffa fourteen (14) days to file an amended complaint that corrects the deficiencies identified herein. If Mr. Koffa fails to timely comply with this order or fails to file an amended complaint that remedies the aforementioned deficiencies, the court will dismiss his complaint without leave to amend.

**B. Motion to Appoint Counsel**

Mr. Koffa requests that the court appoint counsel to assist him with his case. (MTA at 1.) This District has implemented a plan for court-appointed representation of civil rights litigants. The plan requires the court to assess a plaintiff's case before forwarding it to the Pro Bono Screening Committee for further review and possible appointment of pro bono counsel. *See* General Order, August 1, 2010, Section 3(c) (In re Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions). In its initial assessment, the court evaluates both the merits of the case and the plaintiff's financial eligibility. *Id.* Only in "exceptional circumstances," after evaluating the "likelihood of success on the merits" and "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved," may the court designate counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The plaintiff seeking counsel bears the burden of demonstrating these exceptional circumstances. *Brogdon v. City of Phoenix Police Dep't*, No. CV-11-01389-PHX-RCB(MEA), 2013 WL 3155116, at *1 (D. Ariz. June 19, 2013).

1         The court concludes that Mr. Koffa's submissions do not support referring his case to the Pro Bono Screening Committee for further review, nor does Mr. Koffa establish the exceptional circumstances that warrant appointing counsel. Mr. Koffa makes no argument as to the likelihood of success on the merits of his claims (*see* MTA), and after the court's independent review, the court cannot say that his claims are likely to succeed, *see supra* § III.A. Moreover, Mr. Koffa makes no showing that this case is complex. (*See* MTA.) That Mr. Koffa might find it "difficult to articulate his claims *pro se*" is insufficient to demonstrate that his case involves complex legal issues. *See Wilborn*, 789 F.2d at 1331. Mr. Koffa satisfies neither factor necessary to establish the exceptional circumstances that warrant appointment of counsel. Accordingly, the court denies Mr. Koffa's motion to appoint counsel.

## IV. CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Koffa's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) with leave to amend within fourteen (14) days of the filing of this order. The court DENIES Mr. Koffa's motion to appoint counsel (Dkt. # 2).

Dated this 9th day of January, 2018.

JAMES L. ROBART
United States District Judge

ORDER - 7